# SULLIVAN,

## DECEMBER TERM, A. D. 1855.

---

### THE PROPRIETORS OF SUNAPEE *v.* EASTMAN.

As a general rule, misnomer is pleadable only in abatement.

A plea of no such corporation is a plea in bar, and such a plea puts in issue the fact whether there is any such corporation as the plaintiff.

Where a tract of land was granted by the name of Saville to certain individuals, who went on and divided portions of the same among themselves, leaving a part in common and undivided, and the name of the town was afterwards changed by the legislature to that of Wendell, and subsequently a portion of it was annexed to New-London, and the name Wendell was afterwards changed to that of Sunapee—*held*, that an action by the proprietors for the recovery of a portion of the tract should be brought in the name of "the proprietors of Saville."

WRIT OF ENTRY, dated January 15, 1853, brought to recover the possession of a certain piece of land in the town of Sunapee, being part of lot No. 6, in the 7th range of 85 acre lots in said town.

Defendant pleads the general issue, and files a brief statement that there is no such corporation as the proprietors of the town late called Wendell, and now called Sunapee.

·The following facts are agreed upon by the parties:

On the 7th day of November, 1768, all the land in the town of Sunapee (late Wendell) was granted by the name of Saville, to Oliver Corey and ninety-five others, who accepted the charter, went on and divided among themselves certain portions of said land, leaving a portion thereof in common and undivided.

The name of the town has been changed by acts of the Legislature, first to Wendell, and then, in 1850, to Sunapee.

The question is, can the action be maintained in the name of the proprietors of Sunapee? If not, then the plaintiffs are to be nonsuit—otherwise this case is to be discharged and the action stand for trial.

*Everett* and *Tappan*, for the plaintiffs.

*Bellows,* (with whom was *Morse,*) for the defendant.

A plea that there is no such corporation, is good in bar, and the matter may be given in evidence under a brief statement. *School District* v. *Blaisdell*, 6 N. H. 198; *Proprietors of Concord* v. *McIntire*, 6 N. H. 527; *School District* v. *Aldrich*, 13 N. H. 140.

This town was chartered as Saville, and before 1804 the name was changed to Wendell. In 1804 a part of the town of Wendell, as first chartered, was annexed to New-London. Laws of N. H., Ed. 1805, page 47.

The act of July 2, 1850, ch. 988, Pamphlet Laws, provided simply that the town of Wendell shall hereafter be called and known by the name of Sunapee.

The proprietors of Saville were a corporation created by the charter, and it still exists. Its name has never been changed. By that name the land was granted to them, and by that name and that alone can they sue and be sued.

The jurisdictional lines of the town may be changed, and the town even divided into two or more parts, or a portion set off and annexed to another town, but the rights and the duties of the proprietary still remain the same.

The name is not changed in terms, or by implication, and suits are brought as before. *Concord* v. *McIntire*, 6 N. H. 529; *Cardigan* v. *Page*, 6. N. H. 182.

The change of the name of the town does not change the name of the corporation. That is still the Proprietors of Saville. Such change would be impracticable, as, in a large number of instances, the original towns are divided into two or more; as

Apthorp into Dalton and Littleton; Cardigan into Orange and Alexandria; Bow into Concord, Pembroke and Bow. And in this case part of Saville is annexed to New-London.

But this does not affect the rights of the proprietary, for it is only a change of jurisdiction. The Proprietors of Saville lose no right to land annexed to New-London. They might as well call themselves Proprietors of New-London as Sunapee. The confusion would be inextricable.

EASTMAN, J. As we understand the plaintiffs' position in this case, it is this, that, the name of the town having been changed by the Legislature, the action is correctly brought in the new name; or, at most, that the error is but a misnomer, and should be pleaded in abatement.

It is no doubt true that, as a general rule, misnomer is pleadable only in abatement. Bacon's Abr., Misnomer, E; Carth. 124; 1 Bos. & Pul. 40; 6 Maule & Selwyn 46; *Burnham* v. *Savings Bank*, 5 N. H. 446.

It is no plea in bar, because it does not deny the cause of action; nor can it be assigned for error, unless it has been pleaded in abatement and overruled; for if it is not thus pleaded the exception is waived. 6 Term 766; 2 H. Blackstone 267, 299; 1 Salk. 2; Gould's Pld., chap. 5, § 79.

To a plea of misnomer, it is a good replication that at the commencement of the suit the plaintiff was known as well by the name by which he sues as by that set forth as the true name in the plea. Gould's Pld., chap. 5, § 80; 1 East 542; 1 Bos. & Pul. 60; 2 Wilson 367; 2 Chitty's Pld. 590; Willes 554.

Although no advantage can be taken of misnomer as such, except by plea in abatement, yet, when it occasions a variance between the declaration and the proof, it may be taken advantage of under the general issue. As, for instance, A, having executed a bond by his true name, is sued upon it and declared against by the name of B. This would be a variance that could be taken advantage of on the trial. 4 Term 611, 612; 3 Bos. & Pul. 559; 1 Camp. 195; Gould's Pld., chap. 5, § 100.

A plea of no such corporation is a plea in bar ; and such a plea, or a brief statement to that effect, puts in issue the fact whether there is any such corporation as the plaintiff. *School District* v. *Aldrich*, 13 N. H. 139 ; *School District* v. *Blaisdell*, 6 N. H. 198. And the defendant having with the general issue filed a brief statement that there is no such corporation as the proprietors of Sunapee, the issue is properly presented without any plea of misnomer. Is there, then, upon the facts agreed, any such corporation as the proprietors of Sunapee who can maintain this action?

The Legislature may change the names of individuals and corporations without affecting the liabilities of either. Such acts have always been treated by our courts as public, and consequently are not necessary to be pleaded. As public acts they will be taken notice of by the court.

By the grant of November 7, 1768, spoken of in this case, it was declared that the territory granted should be known by the name of " Saville." Prior to 1804 the name of the town of Saville was changed to that of Wendell, and in 1850 it was again changed to that of Sunapee. In 1804 a part of the town of Wendell was annexed to New-London.

Had the limits of the original grant never been changed, perhaps there would be no great difficulty in holding that the action could be maintained under the new name, on the ground that it is the same territory, the name of which has been changed by the Legislature. But a part of it having been annexed to New-London, the proprietors of Sunapee are not the proprietors of Saville, but only the proprietors of a part of it; and where towns are divided into two or more, or where portions of them are taken off and annexed to adjoining towns, as has been the fact in many instances in this State, it would evidently lead to much confusion, if not to difficulties that could not easily be remedied, to hold that actions like the present should be brought in the name of the new town. If the town be equally divided, in which name should the action be brought ? The grant being to the proprietors and their heirs, it would seem that the action must, in such a case, be brought in their original name, or in both.

So far as the Reports of this State show, or the court are advised, the practice with us has been uniform, to bring similar actions in the name given to the original grantees; and this, whether the towns have been divided or not. And we think it will be better to adhere to this practice rather than undertake to lay down any new rules upon the question. *Proprietors of Cardigan* v. *Page*, 6 N. H. 182; *Proprietors of Concord* v. *McIntire*, 6 N. H. 527.

This was an agreed case, and according to its provisions

*The plaintiff must be nonsuited.*